JACK YORMARK, PLAINTIFF, v. THE AMERICAN INSUR-
ANCE COMPANY, A CORPORATION OF THE STATE OF
NEW JERSEY, AND THE HOME INSURANCE COM-
PANY, A CORPORATION OF THE STATE OF NEW
YORK, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 13, 1952

*Messrs. Burton & Seidman (Mr. Baruch S. Seidman* appearing), attorneys for plaintiff.

*Mr. Harold D. Feuerstein,* attorney for defendants.

MORRIS, J. C. C.  This action is on two policies of fire insurance issued by defendants and covering plaintiff's buildings situated on his farm on the road leading from Dayton to Plainsboro, South Brunswick Township, Middlesex County.  The standard farm form, attached to each policy, listed the property insured, item 3 thereof being "the comp. roof frame barn and private garage."

The barn and garage were described by plaintiff as being actually two structures which, when the policies were issued, stood side by side on plaintiff's farm.  Each had its own walls and roof, and they were not fastened together.

While the policies were in force, plaintiff moved the barn to another part of his farm, admittedly without notifying the insurance companies or their agent.  On August 31, 1950, the barn was struck by lightning and destroyed in the ensuing fire.  The insurance companies refused to pay the loss, contending that there was a breach of warranty as to use and that the building in question was not located as described in the policies.  There is no proof that the change of location increased the hazard.  It was stipulated that plaintiff's loss was $500.

At the conclusion of the trial, each side moved for judgment.  There being no disputed issues of fact, I took the case from the jury.

So far as defendants' first contention is concerned, it does not appear that there was any breach of warranty as to use. Plaintiff testified that, prior to the moving of the barn, the garage and barn had each been utilized exclusively for the

purpose indicated, and that there was no change in use after the relocation of the barn. The barn continued to be used as such, but in a new location.

The second point is that, at the time of the fire, the barn was not located as allegedly described in the policies.

Each policy contained a "plan clause" which read as follows: "It is understood and agreed that numbers or letters used herein to designate buildings are in accordance with plan on reverse side hereof, or plan dated Dec. 10, 1948, and filed with the American (Home) Company." The plan filed with each company was offered in evidence, and consisted of a rough, penciled sketch made by Mr. Luttman, the agent, and showed the buildings described in Item 3 to be together and in their original location.

Since Mr. Luttman made the sketches at the farm and saw the buildings, it can reasonably be assumed that he knew the structures were not fastened together. His failure to draw a more detailed sketch cannot prejudice the plaintiff.

The policies contained no provision prohibiting the moving of a building from one place to another on the insured's premises. The accepted rule of law, as stated in 26 *C. J., Fire Insurance,* § 277, 45 *C. J. S., Insurance,* § 560, is that "a statement in the policy as to the location of the property insured is not, according to the weight of authority, a promissory warranty that the property will remain in the location described." It is my view that the plan clause was intended merely to identify or describe the structures covered, and was not a warranty. See *Western & Atl. Pipe-Lines v. Home Ins. Co.,* 22 A. 665 (*Pa. Sup.* 1891).

Judgment is entered in favor of the plaintiff, Jack Yormark, against the defendants, in the sum of $500, of which $250 shall be assessed against each defendant, with costs.